## CIRCUIT COURT OF THE CITY OF RICHMOND

John M. Glass, an infant

    v.

Southland Corp.

June 13, 1975

Case No. 7284

By JUDGE ALEX H. SANDS, JR.

This matter is now before the Court upon the defendant's motion to set aside the verdict in favor of the plaintiff.

Having read the annotation in 75 A.L.R.2d beginning at page 778, and the authorities therein discussed, I am of opinion that the Court erred in admitting the testimony of the plaintiff's expert, Looney, as to the contents of certain safety codes in effect in some parts of the United States but which were not in effect in the State of Virginia at the time of the construction of the building in question, and which have not been in effect in the State of Virginia since the construction of the building. Absent this testimony, there would have been no testimony of any kind from which the jury could have found the existence of any negligence upon the part of the defendant's architect, Citron, who was admittedly a direct employee of the defendant when the premises were built. For this reason the verdict of the jury must be set aside.

But, even were it not held that the testimony of Looney was inadmissible, and even if we accept the entire testimony of Looney to the effect that the architect, defendant's agent, should have known of the provisions of BOCA, the situation would be the same, for the defendant's expert testified that the BOCA code does not require the use of safety glass unless the glazed area in question

is over six square feet in entrance doors; and this testimony was not rebutted by the plaintiff. The evidence in the case at hand is to the effect that the door in question was not a solid glass door but was composed of small glass panes which would not be covered under the BOCA restriction, even though that code had been in effect in Virginia at the time the building in question was constructed. Not only is the evidence that the type glass used by Citron, defendant's agent, was in use in many of the business establishments in Richmond, but the evidence further shows that the door as installed, as a part of the building, was inspected and approved by the City of Richmond at the time of its installation. Lastly, there is no evidence from which the jury could have concluded that this accident should have been foreseeable by the defendant in view of the prevailing usage in the area of Richmond, and in view of the further fact that the door, including this glass, was purchased from a reputable manufacturing concern, the door having been delivered to Citron preglazed.

For all of the above reasons, the verdict will be set aside.